UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDALL LEFEVRE,

        Plaintiff,                       FILE NO. 2:06-CV-152

v.                                              HON. ROBERT HOLMES BELL

WILLIAM LUETZOW, et al.,

        Defendants.
_____/

**ORDER AND JUDGMENT ADOPTING REPORT AND RECOMMENDATION**

      This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge for screening, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this Court dismiss the action for failure to state a claim (docket #14). The matter presently is before the Court on Plaintiff's objections to the R&R (docket #15).

      This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

      In his complaint, Plaintiff alleges that Defendants violated his Eighth and Fourteenth Amendment rights by failing to place him in protective custody after they had been made aware that he was under threat of being killed by a gang member for his involvement in the killing or injury of two other gang members. Plaintiff objects to the Magistrate Judge's

conclusion that Plaintiff failed to state a constitutional claim because he alleged no physical injury.

Title 42, United States Code, section 1997e(e) provides that "[n]o federal action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff argues that he properly alleged physical injury by alleging that he subsequently cut himself multiple times in order to be placed in segregation. He cites *Danese v. Asman*, 670 F. Supp. 709 (E.D. Mich. 1987), for the proposition that one can meet the actual injury requirement by demonstrating that state officials were deliberately indifferent to the risk of self-injurious behavior.

Plaintiff's argument is without merit. It unquestionably is true that a prisoner may state an Eighth Amendment claim if prison officials are deliberately indifferent to the psychological or medical needs of a prisoner who presents a serious risk of committing suicide or causing other harm to himself. *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 428-29 (6th Cir. 2006); *Comstock v. McCrary*, 273 F.3d 693 (6th Cir. 2001). However, Plaintiff has not alleged that prison officials were made aware that he presented a serious risk of harm to himself. Instead, he alleges that he made officials aware that he believed he was at risk from others and that he hurt himself in order to be placed in segregation. Plaintiff therefore has failed to allege an Eighth Amendment claim based on the denial of medical treatment.

Plaintiff's sole claim was that Defendants failed to place him in protective custody or otherwise ensure his safety from other prisoners. While Plaintiff has alleged that Defendants were aware of a possible risk from other prisoners, Plaintiff has failed entirely to allege any actual physical injury caused by such prisoners. He therefore fails to state a claim. *See Tribe v. Snipes*, 19 F. App'x 325, 325 (6th Cir. 2001) (holding that prisoner allegations that officials' failure to transfer him to protect him from possible future assault did not meet physical injury requirement, notwithstanding prisoner's allegations that the fear of future harm could cause him to have a heart attack).

Having considered each of Plaintiff's objections and finding no error, the Court hereby denies Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court. Accordingly,

**IT IS ORDERED** that Plaintiff's objections (docket #15) to the Report and Recommendation of the Magistrate Judge are **DENIED** and the Report and Recommendation of the Magistrate Judge is **ADOPTED** in its entirety as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Dated:   December 29, 2006            /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE